## No. 11,664.

### A. G. FRERE, SHERIFF AND EX-OFFICIO TAX COLLECTOR, vs. VICTOR VON SCHOELER.

The nineteenth paragraph of the eighth section of Act 150 of 1890, which imposes a license tax upon every person who shall engage in the business or avocation of operating one or more towboats, to be graduated according to the gross

annual receipts of said business, is illegal, unconstitutional, null and void, because it is in conflict with and contrary to the provisions of the third clause of the eighth section of Art. 1 of the United States Constitution, familiarly known as the commerce clause; it appearing that the defendant was operating his boats under a license or permit from the United States Government, and that his towboats were engaged in traversing the waters of the Bayou Teche, and the Atchafalaya and Mississippi rivers and their tributaries, and in operating between different States.

A PPEAL from the Seventeenth District Court, Parish of St. Mary. *Allen, J.*

J. *Sully Martel* for Plaintiff, Appellee.

D. *Caffery & Son* for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J.   This is a proceeding on the part of a tax collector, by rule on the defendant to show cause why he should not be compelled to pay a State and parish license of thirty dollars each for prosecuting the business and occupation of running and operating the towboat Jim Watson within the limits of the parish of St. Mary in this State, or in default of so doing, that he be adjudged and condemned to cease the further pursuit of said business or occupation.

The defendant's answer is, in effect, that the statute of the State under which the aforesaid licenses are exacted, paragraph 19 of Sec. 8 of Act 150 of 1890, is unconstitutional, null and void, because same conflicts with and is contrary to the interstate commerce clause of the United States Constitution, and hence the licenses claimed can not be imposed.

The answer admits that defendant is engaged in the occupation designated in the rule and in the statute, but its representation is that he has already paid and has in his possession a license from the United States Government, and that such license entitles him to pursue his occupation, which is that of operating towboats in the various navigable water-courses of Louisiana, Mississippi, Arkansas, Ohio and Pennsylvania, and embracing those of the Bayou Teche, the Atchafalaya and Mississippi rivers and Gulf of Mexico, without the payment of any additional exaction, such as that which is sought to be imposed under the license law of Louisiana.

The evidence shows that the area of defendant's operations with his towboats is similar to that indicated in the answer.

The defendant comes within the purview of the statute.

Is it unconstitutional?

The act levies a license tax of thirty dollars upon "every business * * * of operating one or more towboats or tugboats * * * based on the gross annual receipts of said business."

And paragraph nineteen of the eighth section of the statute declares that "when the receipts are less than twenty-five thousand dollars the license shall be thirty dollars." Par. 19, Sec. 8, Act 150 of 1890.

This is an occupation license tax, and the same is to be collected of the person pursuing the avocation or business, and it is in no sense a property tax assessed against the property that is employed in the business of the owner, nor is it a tax levied on the cargo or boat. Parish of East Feliciana vs. Levy, 40 An. 332.

A question somewhat analogous to the one presented for our consideration is discussed and decided by the Supreme Court in State Tax on Railway Gross Receipts, 15 Wallace, 284.

In that case the question was whether the act of the Pennsylvania Legislature, levying a tax upon a railroad company of three-quarters of one per cent. upon the *gross receipts* of the company, was in conflict with the commerce clause of the United States Constitution, (third clause, eighth section, first article United States Court)—it being therein claimed and contended that the act was unconstitutional in so far as it taxes that "portion of the gross receipts of companies which are derived from transportation *from* the State (of Pennsylvania to another State, or into the State of Pennsylvania from another State); and the Supreme Court of the State (of Pennsylvania) having decided adversely to the claim, the case (was) brought up for review."

The court in passing on that question said:

"We think that such taxation may be laid upon a valuation or may be an excise, and that, in exacting an excise tax from their corporations the States are not obliged to impose a fixed sum upon the franchises or upon the value of them, but they may demand *a graduated contribution, proportioned either to the value of the privileges granted or to the extent of their exercise, or to the results of such exercise.* No mode of effecting this and no forms of expression which

have no meaning beyond this can be regarded as violating the Constitution.''

Proceeding then to the discussion of the case the court reach this conclusion, viz.:

''The tax is laid upon the gross receipts of the company; laid upon a fund which has become the property of the company, mingled with its other property, and possibly expended in improvements or put out at interest. The statute does not look beyond the corporation to those who may have contributed to its treasury.''

And in conclusion the court add:

''But we think it may safely be laid down that the gross receipts of the railroad or canal companies, after they have reached the treasury of the carriers, though they may have been derived in part from transportation of freight between States, have become subject to legitimate taxation.''

But the instant case does not present the question of a tax upon the *gross receipts* of the defendant's business at all. He is proceeded against by the short-hand, compulsory process of the revenue law, for the collection of a license or price of a permit to prosecute his avocation of operating towboats, and the alternative of the tax collector's rule is that, on the defendant's default in making payment of the license, he be adjudged and condemned to discontinue the prosecution of his avocation, notwithstanding he had previously obtained a license from the United States permitting him to pursue said calling.

The case of Moran, Executor, vs. New Orleans, 112 U. S. 69, presents the issue here raised and, to our thinking, it is decisive of the controversy and conclusively against the contention of the plaintiff.

'' But the license fee in the present case,'' say the court, '' is not a tax upon the boats as property, according to any valuation. The very law authorizing its imposition declares it shall not be construed to be a tax on property.

'' It is said, however, to be a tax on an occupation, and for that reason not a regulation of commerce. If it were a tax upon the income derived from the business it might be justified by the principle of the decision in the case of the *State Tax on Railway Gross Receipts*, 15 Wallace, 284, which shows the distinction between a tax on transportation and a tax upon its fruits realized and reduced to pos-

session, so as to become a part of the general capital and property of the tax-payer.

"But here is not a tax on the profits and income after they have been realized from the business. It is a charge explicitly made as the price of the privilege of navigating the Mississippi river between New Orleans and the Gulf, in the coastwise trade; as the condition on which the State of Louisiana consents that the boats of the plaintiff in error may be employed by him according to the terms of the license granted under the authority of Congress. The sole occupation sought to be subjected to the tax is that of using and enjoying the license of the United States to employ these particular vessels in the coasting trade; and the State then seeks to burden with an exaction, fixed at its own pleasure, the very right to which the plaintiff in error is entitled under, and which he derives from, the Constitution and laws of the United States. The Louisiana statute declares expressly that if he refuses or neglects to pay the license tax imposed upon him, for using his boats in this way, he shall not be permitted to act under and avail himself of the license granted by the United States, but may be enjoined from so doing by judicial process.

"The conflict between the two authorities is direct and express. What one declares may be done without]the tax, the other declares shall not be done except upon the payment of the tax. In such an opposition, the only question is, which is the superior authority; and, reduced to that, it furnishes its own answer."

There is no distinction between that case and the one before the court. The principle involved in each case is the same, and must control our decision.

And the Supreme Court, in the case cited, overruled the decision of this court in City vs. Towboat Company, 33 An. 647. *Vide* Sinnott vs. Davenport, 22 Howard, 227.

The judgment appealed from must be reversed.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the demands of the plaintiff in rule be rejected at his costs in both courts.

Rehearing refused.